**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. MICHAEL MURRAY, | No.    14-16952 |
| Plaintiff-Appellee, | D.C. No. 2:10-cv-00968-JAD-GWF |
| v. | |
| BRYAN WILLIAMS; CHERYL BURSON; TONYA HILL, | MEMORANDUM[*] |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted October 21, 2016[**]
San Francisco, California

Before:  BEA and IKUTA, Circuit Judges, and RESTANI,[***] Judge.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]        The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

The plaintiff, J. Michael Murray, brought claims against Bryan Williams, Cheryl Burson, and Tonya Hill (collectively, the "Defendants") for, *inter alia*, First Amendment retaliation under 42 U.S.C. § 1983 and constructive discharge in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").[1] The Defendants filed a motion for summary judgment on all of Murray's claims, but the district court denied the motion. The Defendants appeal the district court's denial of their motion as to Murray's First Amendment retaliation claim, but not as to his Title VII constructive-discharge claim.

Because the Defendants asserted the defense of qualified immunity in their summary judgment motion, this Court has jurisdiction to review the denial of that motion under 28 U.S.C. § 1291. *See Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). The Court's review, however, is limited to questions of law. *Id.*

The district court committed legal error when it concluded that Murray's statements addressed matters of "public concern" and were therefore entitled to First Amendment protection. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009) (holding that whether a plaintiff spoke on a matter of "public concern" is a legal

---

[1] Murray also brought a § 1983 claim alleging discrimination on the basis of his race (white) and gender (male) in violation of the Equal Protection Clause of the Fourteenth Amendment, but he later sought and was granted leave to withdraw that claim.

question that this Court reviews *de novo*). Murray's statements were "only marginally related to issues of public concern." *Johnson v. Multnomah County*, 48 F.3d 420, 425 (9th Cir. 1995). Moreover, they "arose primarily out of . . . [Murray's] dissatisfaction with his status" as a caseworker at the Southern Desert Correctional Center, *Turner v. City & County of S.F.*, 788 F.3d 1206, 1211 (9th Cir. 2015), and they were addressed "to co-workers rather than to the press." *Johnson,* 48 F.3d at 425. Thus, the "content, form, and context" of Murray's statements suggest that they did not address matters of public concern and therefore were not entitled to First Amendment protection. *Id.* at 422.

Moreover, even if Murray's First Amendment rights were violated, those rights were not "clearly established" at the time that the Defendants took adverse employment action against him. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Moran v. Washington*, 147 F.3d 839, 847–48 (9th Cir. 1998) ("[B]ecause the underlying determination . . . [of] whether a public employee's speech is constitutionally protected turns on a context-intensive, case-by-case balancing analysis, the law regarding such claims will rarely, if ever, be sufficiently 'clearly established' to preclude qualified immunity."). The Defendants are therefore entitled to qualified immunity on Murray's First Amendment retaliation claim.

To the extent that it denied the Defendants' motion for summary judgment as to Murray's First Amendment retaliation claim, we reverse the district court's order. Because the Defendants did not appeal the district court's denial of their summary judgment motion as to Murray's Title VII constructive-discharge claim, we have not considered that portion of the district court's order.

**REVERSED**.